NELL MEDLOCK v. THE STATE.

No. 19139. Delivered December 15, 1937.
Rehearing denied March 30, 1938.

The opinion states the case.

*L. D. Johnston*, of Waxahachie, for appellant.

*F. G. Swanson*, of Tyler, amicus curiae.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

*Dan Moody* and *Charles L. Black*, both of Austin, amici curiae.

GRAVES, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $150.00.

This case was affirmed in an opinion by Judge CHRISTIAN delivered November 3, 1937, because the statement of facts did not appear to have been filed in the lower court. An affidavit of the county clerk having been brought to our attention showing the filing of such statement in the proper court, and that the failure to have the proper file mark placed thereon being a matter of inadvertence upon the part of the county clerk, the former opinion is withdrawn, and the case will now be considered on its merits.

It would appear from the record that one W. P. Allen, an inspector for the State Liquor Board, was present in Ellis County, by invitation of the sheriff thereof, and on the 21st day of January, 1937, he went to appellant's house in Waxahachie, Ellis County, and bought one-half gallon of whisky, a distilled intoxicating liquor, from Nell Medlock, the appellant, and paid her the sum of $2.00 therefor, and exhibited such whisky in court.

It appears from the record that proper orders were pleaded and proven to show, and the court properly instructed the jury, that Ellis County was a "dry area" as that term has been defined by our statutes, and appellant's exceptions to such pleading and orders and instruction of the court are not well taken.

The remaining questions urged by appellant's attorney relate to the proposition of the inspector Allen being an accomplice to the offense herein charged. In this connection and as conclusive of appellant's above contention, we cite the opinion of Presiding Judge MORROW on motion for rehearing in Cause No. 18823, Stevens v. State, delivered December 8, 1937, not yet reported [133 Texas Crim. Rep. 333], which seems to us to be decisive on such point, citing numerous authorities from this State as well as other states, and from the Supreme Court of

the United States. In this instant case there is no effort of an entrapment, no appeal of any kind made, but merely a request for the purchase, which request was promptly complied with. We think the court was justified in his ruling, which amounted, in substance, to the fact that the inspector was not an accomplice as a matter of law.

There is a further bill that complains of the court's allowing J. E. Roy, sheriff of Ellis County, to testify as to certain communications that he said took place between the appellant while she was on the stand and one Alvin Williams, who seemed to be a friend of the appellant's, and who stayed at her house, such communications consisting of nods and shakings of the head on the part of Williams and the conduct of appellant in response thereto. If such conduct took place in the presence of the jury, and at the trial of this case, and the witness said that it did, the jury might not have been in a position to see both parties at the same time, and we can see no error in allowing such conduct to be brought to their attention.

We see no error in the record, and the judgment is affirmed.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Precisely the same question is presented in appellant's motion for rehearing as was discussed in the opinion on rehearing of this date in Cause No. 19119, G. D. Snow v. State [page 263 of this volume]. The same reasons which called for overruling the motion in that case are operative here.

Appellant's motion for rehearing is overruled.